## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **ARISTOTELES MARINE, LLC,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **FED. R. CIV. P. 9(h)** |
| | § | **Admiralty Claim** |
| **M/V STENA IMAGE, her** | § | |
| **apparel, equipment, engines,** | § | |
| **freights, tackle, etc.,** *in rem*, | § | |
| | § | |
| **Defendant.** | § | |

### VERIFIED ORIGINAL COMPLAINT

COMES NOW, Plaintiff Aristoteles Marine, LLC ("Plaintiff"), owner of the M/V

ALEXIS f/k/a M/V UASC BUBIYAN, and for its complaint against the M/V STENA

IMAGE, her apparel, equipment, engines, freights, tackle, etc., *in rem*, and with respect

avers as follows:

### Jurisdiction and Venue

1.      Plaintiff's *in rem* claims are within the admiralty and maritime jurisdiction of the

Court, and Plaintiff's claims are admiralty or maritime claims within the meaning of

FED. R. CIV. P. 9(h).  The Court has subject matter jurisdiction pursuant to 28 U.S.C.

§ 1333 *et seq*., and Rule C of the Supplemental Rules for Certain Admiralty and

Maritime Claims.

2.      Venue is proper because the M/V STENA IMAGE is located within the Beaumont

Division of the United States District Court for the Eastern District of Texas.  *See* 28

U.S.C. § 1391(b)(3).

## Parties

3.      Plaintiff Aristoteles Marine, LLC is the owner of the M/V ALEXIS f/k/a M/V UASC BUBIYAN,  and is a foreign limited liability company with its registered address in the Marshall Islands.

4.      Defendant, M/V STENA IMAGE, is a tanker vessel (flag: Bermuda; IMO: 9667473; 29,666 gross tons) currently engaged in navigation within the Beaumont Division of the United States District Court for the Eastern District of Texas.

## Facts

5.      On or about February 6, 2018, the M/V ALEXIS f/k/a M/V UASC BUBIYAN was safely and properly moored, starboard side to the Nashville Avenue Wharf Section "B" New Orleans International Container Terminal in New Orleans, Louisiana. At approximately 7:17 a.m., local time, New Orleans, the M/V ALEXIS f/k/a M/V UASC BUBIYAN suffered hydrodynamic surge damage in the amount of $88,667.15 as a result of the M/V STENA IMAGE passing the M/V ALEXIS f/k/a M/V UASC BUBIYAN at an unsafe speed and passing too closely to the properly moored M/V ALEXIS f/k/a M/V UASC BUBIYAN.

6.      The accommodation ladder of the M/V ALEXIS f/k/a M/V UASC BUBIYAN was damaged as a result of the incident, necessitating the removal and replacement of the accommodation ladder.

7.    As a result of the M/V STENA IMAGE's failure to maintain a safe speed and failure to maintain a reasonable and safe separation distance from the M/V ALEXIS f/k/a M/V UASC BUBIYAN, Plaintiff suffered the following damages:

| Description | Quantum |
|---|---|
| Replacement accommodation ladder | $27,200.00 |
| HSC labor & materials | $33,000.00 |
| UASC BUBIYAN deck crew extra work | $500.00 |
| Class surveyor attendance | $3,926.96 |
| Forwarding expenses Busan-Houston | $8,285.00 |
| P&I correspondents' fees and expenses, in Valencia, Spain | $856.33 |
| P&I correspondents' fees and expenses, New Orleans | $5,791.41 |
| Owner's Superintendent expenses | $1,420.36 |
| Air tickets | $1,487.09 |
| Rental accommodation ladder, New Orleans, 16-27/03/2018 | $6,200.00 |
| **TOTAL:** | $88,667.15 |

Documents detailing and supporting most of the above damage components are attached and incorporated as Exhibit No. 1.

## Causes of Action

8.    The February 6, 2018, damage suffered by the M/V ALEXIS f/k/a M/V UASC BUBIYAN was caused, in whole or in part, by the following negligent acts or omissions by the M/V STENA IMAGE:

a.   Failure to take into consideration the effects reasonably to be anticipated from the M/V STENA IMAGE's speed and motion through the water.

b.   Failure to manage and/or operate the M/V STENA IMAGE carefully and prudently so as to avoid creating unusual swells or suction that would damage the M/V ALEXIS f/k/a M/V UASC BUBIYAN.

c. Failure to take such precautions by way of reduction of speed or alteration of course as reasonably were necessary to prevent surging the M/V ALEXIS f/k/a M/V UASC BUBIYAN and resulting damages.

d. Failing and/or refusing to maintain a proper look-out by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision, in violation of 33 C.F.R. § 83.05.

e. Failing and/or refusing to proceed at a safe speed so that the M/V STENA IMAGE in violation of 33 C.F.R. § 83.06 and Rule 6, Inland Navigation Rules.

f. Failure to maintain a reasonable and safe separation distance from the properly moored M/V ALEXIS f/k/a M/V UASC BUBIYAN.

g. Other acts and/or omissions that will be proven at the time of trial.

9.     Alternatively, the surge event and Plaintiff's resulting damages proximately resulted from the M/V STENA IMAGE's unseaworthiness.

10.     The aforementioned incident and losses resulting therefrom and all damages occasioned thereby were not caused by any fault, neglect, or want of care on the part of Plaintiff, the M/V ALEXIS f/k/a M/V UASC BUBIYAN, or anyone else for whose conduct Plaintiff or the M/V ALEXIS f/k/a M/V UASC BUBIYAN are responsible. Rather, the incident and losses were caused solely by the unseaworthiness and/or the negligence of the M/V STENA IMAGE and/or due to the fault, carelessness, and negligence on the part of the employees, pilots, servants, master, crews, and agents of the M/V STENA IMAGE.

11.     The failure of Defendant to maintain a safe speed in violation of Rule 6, Inland Navigation Rules, is negligence per se, which is a producing cause of Plaintiff's damages.

12.     Defendant is further liable to Plaintiff and solely at fault for the February 6, 2018, incident for breach of the Pennsylvania Rule.  *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 22 L. Ed. 148 (1874).

13.     As a result of the aforementioned incident, Plaintiff and the M/V ALEXIS f/k/a M/V UASC BUBIYAN have suffered substantial damages composed of but not limited to the physical damages, both temporary and permanent repairs, to the M/V ALEXIS f/k/a M/V UASC BUBIYAN, all which are currently estimated to be $88,667.15. Plaintiff specifically reserves its right to amend or supplement this portion of the Original Complaint to allege other and further damages as they may become known.

14.     The foregoing allegations are true and correct and within the jurisdiction of the United States and this Honorable Court.

WHEREFORE, PREMISES CONSIDERED Plaintiff Aristoteles Marine, LLC respectfully requests:

a.   That process in due form of law, according to the practices of this Honorable Court, issue against Defendant, the M/V STENA IMAGE, her apparel, equipment, engines, freights, tackle, etc., *in rem*, and that all persons claiming an interest in this vessel by duly required to appear and answer under oath all in singular of the matters aforesaid;

b.   That process in due form of law issue against Defendant, the M/V STENA IMAGE, her apparel, equipment, engines, freights, tackle, etc., *in rem*, citing it to appear and answer under oath all and singular the matters aforesaid;

c. That Plaintiff have a decree against the M/V STENA IMAGE, her apparel, equipment, engines, freights, tackle, etc., *in rem*, for damages in excess of $88,667.15, together with interest from the date of February 6, 2018, and for all costs of court;

d. That the M/V STENA IMAGE, her apparel, equipment, engines, freights, tackle, etc., *in rem*, be condemned and sold to satisfy the decree of the Plaintiff herein; and

e. That the Honorable Court grant Plaintiff such other and further relief to which it is justly entitled.

Respectfully Submitted,
**CLARK HILL STRASBURGER**

By: _____
Mark Freeman
FBN: 5975   SBN: 07426600
mark.freeman@clarkhillstrasburger.com
David James
FBN: 588556   SBN: 24032467
david.james@clarkhillstrasburger.com
Marianne Laine
FBN: 3159565   SBN: 24062834
marianne.laine@clarkhillstrasburger.com
2615 Calder Avenue, Suite 240
Beaumont, Texas  77702-1986
T:  409.351.3800
F:  409.351.3883

**ATTORNEY FOR PLAINTIFF
ARISTOTELES MARINE, LLC**

6

## VERIFICATION

**STATE OF TEXAS**                                    §
                                                     §
**COUNTY OF JEFFERSON**                              §

BEFORE ME, this undersigned authority, personally came and appeared David

James, attorney of record for the Plaintiff and declared under penalty of perjury that:

> "The Plaintiff's foregoing Complaint is true and correct to the best of my
> knowledge, information, and belief.  This verification is not made by
> Plaintiff because no representative of Plaintiff is currently located within
> this district or division."

David James

SUBSCRIBED AND SWORN TO BEFORE ME on this the 27th day of June,
2019.

JENNIFER KAREN MCLARTY
Notary Public, State of Texas
Comm. Expires 01-29-2021
Notary ID 129285012

Notary Public in and for the State of Texas

7